# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mert Duymayan, | Case No. 2:25-cv-01623-JAD-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Federal Government, | |
| Defendants. | |

**In forma pauperis application**

Pending before the Court are Plaintiff's initial application to proceed in forma pauperis. ECF No. 19. The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g., Flores v. Colvin*, No. 2:14-cv-00806-JCM-GWF, 2014 U.S. Dist. Lexis 93236, at \*2 (D. Nev. May 22, 2014), adopted, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Plaintiff provides very little information regarding his assets. Indeed, the accuracy and completeness of his prior applications has already been brought to his attention. ECF No. 16 (transferring order). In light of the circumstances, the pending applications to proceed in forma pauperis are both DENIED without prejudice. If Plaintiff wishes to avoid payment of the filing fee, he must complete the long form application to proceed in forma pauperis. The Clerk's Office

is INSTRUCTED to send Plaintiff the long form application to proceed in forma pauperis used by non-prisoners. All questions must be answered truthfully and completely. If Plaintiff attests to having no income, he must file a separate statement explaining how he pays his monthly bills without any source of income.

**Amended Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it

is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In essence, Plaintiff wants to sue the U.S. Government on the theory that his Second Amendment was violated because he was not allowed to purchase a firearm while on Deferred Action for Childhood Arrivals (DACA) status.

To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Here, Plaintiff claims that the United States violated his constitutional rights. But he has not identified any *state* actors who violated his rights. Furthermore, the federal government cannot be the subject of a § 1983 action because it is not a "person" for purposes of § 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Nor can these claims be construed as *Bivens* claims—*Bivens* claims can only be brought against federal officers in their individual capacity (and not against the United States, or any of its departments, offices, or agencies). *Daly-Murphy v. Winton*, 837 F.2d 348, 355 (9th Cir. 1987).

### Conclusion

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 19) is DENIED without prejudice. Plaintiff is instructed to file a complete and accurate IFP application no later than October 17, 2025.

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff the long form application to proceed in forma pauperis used by non-prisoners.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 20) is DISMISSED without prejudice. Should Plaintiff choose to amend his complaint, he must file an amended complaint identifying a proper defendant and do so no later than October 17, 2025.

**Failure to comply with this order may result in a recommendation that the case be dismissed.**

DATED: September 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE