**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Mert Duymayan,

               Plaintiff,

    v.

Discount Firearms & Ammo, et al.,

               Defendants.

Case No. 2:25-cv-01623-JAD-BNW

**REPORT AND RECOMMENDATION**

Before this Court is Plaintiff Mert Duymayan's fourth amended complaint in which he asserts a claim against Discount Firearms & Ammo, Nevada Tactical, and the United States under 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. This Court now screens his fourth amended complaint (ECF No. 29) as required by 28 U.S.C. §§ 1915(e)(2).

**I.    PROCEDURAL HISTORY**

Plaintiff filed an unsigned complaint alleging a "Violation of Second Amendment Rights" in the United States District Court, Central District of California on August 8, 2025. ECF No. 1. After filing a substantively identical complaint on August 18, 2025, Plaintiff filed a signed complaint on August 25, 2025. ECF Nos. 5, 15. Following a venue analysis, the District Court for the Central District of California transferred the action to the District of Nevada. ECF No. 16.

Plaintiff then filed a third amended complaint naming the United States government as the Defendant. ECF No. 20. This Court screened that complaint and dismissed it without prejudice. ECF No. 21. In that order, this Court explained that (1) the federal government could not be the subject of a §1983 claim and that, even if this Court were to construe the claims under *Bivens*, claims could only be brought against federal officers in their individual capacity. *Id*. On September 29, 2025, Plaintiff filed his fourth amended complaint, which named the United States government, Discount Firearm, and Nevada Tactical as Defendants. ECF No. 25-1.

/ / /

/ / /

## II.   ANALYSIS

### A.  Screening Standard for Pro Se Claims

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

**B. Screening the Fourth Amended Complaint**

In essence, Plaintiff brings a § 1983 claim against the U.S. Government and private parties on the theory that his Second Amendment right was violated when he was not allowed to purchase a firearm while on Deferred Action for Childhood Arrivals (DACA) status. This Court first addresses that claim, then turns to whether *Bivens* provides the proper vehicle for relief—and concludes it does not.

**1.      42 U.S.C. § 1983 Claim**

To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Here, Plaintiff claims that Discount Firearms & Ammo, Nevada Tactical, and the United States violated his constitutional rights. But in reintroducing Discount Firearms & Ammo and Nevada Tactical as Defendants, Plaintiff is asserting claims against *private* entities, with no allegations suggesting either entity acted under the "color of state law." Furthermore, as explained in the previous screening order, the federal government cannot be the subject of a § 1983 action because it is not a "person" for purposes of § 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973).

**2.      *Bivens* Analysis**

"To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 136.

In applying that test, courts ask "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* Or, put more simply, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. Where the question gives a court pause, special factors counsel hesitation, and the claim is likely not one courts should resolve. *Ziglar*, 582 U.S. at 136. After all, "[t]he question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress." *Id.* at 135.

As to the three cases that the Supreme Court has allowed to proceed under *Bivens*, it has summarized those three cases as follows:

> In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended *Bivens* to cover two additional constitutional claims: in *Davis v. Passman*, a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

*Hernandez v. Mesa*, 589 U.S. 93, 99 (2020).

Because *Bivens* claims may only be brought against federal officers in their individual capacity (not against the United States, or any of its departments, offices, or agencies), Plaintiff finds no remedy here. *Serra*, 600 F.3d at 1200; *Daly-Murphy v. Winton*, 837 F.2d 348, 355 (9th Cir. 1987). Even liberally construing Plaintiff's claim as alleging a collusion between the ATF and private entities, the complaint names only those parties and alleges no injury by individual federal officers.

More importantly, this allegation would extend *Bivens* beyond its settled context. The Supreme Court has recognized *Bivens* actions in only three circumstances, arising under the Fourth, Fifth, or Eighth Amendments. *Hernandez*, 589 U.S. at 99. In invoking the Second Amendment alone, Plaintiff's complaint presents a new context. When a new context is presented, courts must consider whether special factors counsel hesitation. *Egbert*, 596 U.S. at 491–93. Because this claim would require the Judiciary to create a damages remedy for Second

Amendment claims without congressional direction, special factors counsel hesitation here. Therefore, even if Plaintiff had stated a cognizable *Bivens* claim, it would fail on this ground as well.

**III.   CONCLUSION**

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint (ECF No. 29) be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 1, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE